Filed 9/11/25  P. v. Zavala CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR ALEJANDRO ZAVALA,<br><br>    Defendant and Appellant. | B337459<br><br>(Los Angeles County<br>Super. Ct. No. XSCMA022420) |

APPEAL from an order of the Superior Court of Los Angeles County, Emily J. Cole, Judge.  Dismissed.

Megan Denkers Baca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Omar Alejandro Zavala appeals from an order denying his request to recall his sentence pursuant to Penal Code section 1172.1.[1]  Defendant's appointed appellate counsel filed a brief identifying no issue and requesting this court follow the procedures in *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant filed a supplemental brief arguing he meets the prima facie requirements for section 1172.1 and his appointed appellate counsel abandoned him.  We conclude the order denying his request to recall his sentence pursuant to section 1172.1 is a nonappealable order and dismiss the appeal.

## BACKGROUND

This is defendant's third appeal.  A jury convicted defendant in February 2002 of willful, deliberate, and premeditated attempted murder and assault with a firearm and found true that he used a firearm and discharged a firearm in connection with the attempted murder, inflicted great bodily injury and committed these offenses to benefit a street gang.  In a bifurcated court trial, the court found defendant had a serious or violent felony—a robbery—within the meaning of the "Three Strikes" law[2] and that the robbery was a prior serious felony within the meaning of section 667, subdivision (a)(1), and a one-year prison prior within the meaning of section 667.5, subdivision (b).  On appeal from the judgment of conviction, defendant claimed among and other errors, insufficient evidence to support the attempted murder conviction.  On appeal, we

---

[1]  Undesignated statutory citations are to the Penal Code.

[2]  The Three Strikes law is codified as section 667, subdivisions (b) through (i) and section 1170.12.

affirmed.  (*People v. Zavala* (July 24, 2003, B160722) [nonpub. opn.].)

Subsequently, the trial court held a resentencing hearing to (1) respond to the California Department of Corrections and Rehabilitation's (CDCR's) letter counseling that the trial court's original sentence failed to double defendant's minimum parole eligibility date pursuant to the Three Strikes law; and (2) address defendant's request the court exercise its discretion under recent law to strike the firearm enhancements.  The resentencing court vacated defendant's original sentence because it was unauthorized and refused to strike the strike or any of the enhancements except the one-year prior prison term enhancement.  The resentencing trial court then "doubled the minimum prison term from 15 years to 30 years pursuant to the Three Strikes law and otherwise ordered the same indeterminate [15-year-to-life plus 25-year-to-life] sentence as the original sentencing court. . . . [¶]  The resentencing court sentenced defendant to 36 years on the assault with a firearm but stayed the sentence pursuant to section 654.  The determinate sentence consisted of four years for the assault with a firearm doubled pursuant to the Three Strikes law, three years for the great bodily injury enhancement, 10 years for the firearm enhancement, 10 years for the gang enhancement, and five years for the section 667, subdivision (a) prior serious felony conviction enhancement."  (*People v. Zavala* (Feb. 2, 2021, B298290) [nonpub. opn.].)  In 2021, this court affirmed the judgment.  (*Ibid.*)

On January 29, 2024, defendant filed an in pro per request for recall of his sentence and resentencing pursuant to section 1172.1.  On February 6, 2024, the trial court denied defendant's

3

request.  The court found it did not have jurisdiction because defendant was properly sentenced.  The court further noted even if it had jurisdiction, it would not resentence defendant. Defendant's appeal from these rulings is now before us.

## DISCUSSION

*Delgadillo* does not mandate we conduct an independent review of the record.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222.)  When a defendant files a supplemental brief, however, we must evaluate the arguments defendant raises and issue a written opinion.  (*Id*. at p. 232.)

Section 1172.1 authorizes recall of a criminal sentence and resentencing when requested by certain persons, but not criminal defendants.[3]  Subdivision (c) provides:  "A defendant is *not*

---

[3] Subdivision (a)(1) provides:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correctional administrator pursuant to subdivision (h) of Section 1170, the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial

4

entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c), italics added.) Pursuant to its own motion, a court may recall a sentence if there is a subsequent change in the sentencing laws. (See fn. 3, *ante*.)

The right to appeal is statutory and section 1237, subdivision (b) permits a defendant to appeal from a postjudgment order affecting the defendant's substantial rights. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045–1047; *People v. Hodge* (2024) 107 Cal.App.5th 985, 992.) Appellate courts have consistently held that denial of a defendant's section 1172.1 request to recall his or her sentence is not an appealable order. For example, *Hodge* held, "[A] trial court's order declining to exercise its discretion under . . . section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights" and therefore, the defendant's appeal from that refusal must be dismissed. (*Hodge*, at pp. 999, 100.) Other courts have followed *Hodge.* (See, e.g., *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 [same "whether couched as a denial, dismissal, or any other statement that the court is not acting"]; see also *Brinson, supra*, at p. 1045; *People v. Roy* (2025) 110 Cal.App.5th 991, 1001; *People v. Wilson* (2025) 109 Cal.App.5th 198, 202.)

---

sentence. Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (§ 1172.1, subd. (a)(1).)

Here, the trial court did not consider its own motion to recall defendant's sentence. Instead, defendant filed that request—one the court had no obligation to address. The resentencing court, however, did address defendant's request and denied it. Defendant's challenge in this third appeal is thus from a nonappealable order and we dismiss the appeal. Defendant's arguments in his supplemental brief that he met the prima facie requirements for section 1172.1 relief and his appointed appellate counsel abandoned him do not assist him. As noted above, section 1172.1, subdivision (c) provides a defendant is not one of the persons authorized to seek relief under section 1172.1. A fortiori, he did not meet what he denominates are the statutory requirements. Citing *Hodge* and *Faustinos*, appellate counsel correctly concluded this appeal is not viable and thus counsel did not abandon defendant.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.                M. KIM, J.

6